IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JOSE EMILIANO DIAZ-LARA,

        Defendant.

No. 1:10-cr-30010-PA
No. 1:14-cv-01742-PA

**OPINION AND ORDER**

**PANNER, J.**

    This matter comes before the Court on Defendant Jose Emiliano Diaz-Lara's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (#58). Defendant contends he was denied effective assistance of counsel. Upon careful review of the record, I conclude that Defendant's claims for relief lack merit. An evidentiary hearing is unnecessary. Because no facts have been alleged that would entitle Defendant to relief, Defendant's motion is DENIED.

PAGE 1 - ORDER

### Legal Standard

28 U.S.C. § 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994)(quoting 28 U.S.C. § 2255(b))(emphasis in original). An evidentiary hearing is warranted if "accepting the truth of [the petitioner's] factual allegations, he could have prevailed on an ineffective assistance claim." Id.

### Background

On March 5, 2010, Defendant was indicted along with his nephew, co-defendant Miguel Lara-Diaz ("Lara-Diaz"), for conspiracy to distribute and possession with intent to distribute methamphetamine and knowingly possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(viii) and 846. Defendant retained attorney Larry Roloff to represent him on the federal charges.

On July 12, 2010, Defendant pleaded guilty to a single count

PAGE 2 - ORDER

of the indictment, conspiracy to distribute and possession with intent to distribute methamphetamine. Lara-Diaz similarly entered a guilty plea.

On October 12, 2010, Defendant and Lara-Diaz were sentenced by this Court. Defendant was sentenced at the low end of the guideline range to 168 months with a five-year term of supervised release. Lara-Diaz received a downward departure and was sentenced to 87 months with a five-year terms of supervised release.

Defendant has previously filed a motion under 28 U.S.C. § 2255, which this Court granted on July 11, 2012 (#52). Defendant was re-sentenced in order to permit Defendant to pursue a direct appeal of his sentence. Defendant's sentence was subsequently affirmed on appeal (#57).

On February 11, 2015, Defendant's sentence was reduced to 135 months upon joint motion of Defendant and the Government pursuant to U.S.S.C. Amendment 782.

## Discussion

Defendant moves this Court to vacate his sentence based on ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007). Courts may address either prong of the Strickland test first and need not address both prongs if the

defendant fails on one. Strickland, 466 U.S. at 697; Weaver v. Palmateer, 455 F.3d 958, 966 (9th Cir. 2006); Elkins v. Belleque, 389 Fed. App'x 656, 658 (9th Cir. 2010).

With regard to the first prong, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Id. at 689 (citation and quotation marks omitted). Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 690. Defense counsel must "at a minimum" conduct a reasonable investigation enabling him to make informed decisions about how to best represent his client. Rios v. Rocha, 299 F.3d 796, 805-06 (9th Cir. 2002).

To satisfy the second prong of Strickland, prejudice is established where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In the sentencing phase of a noncapital case, "any amount of [additional] actual jail time" resulting from trial counsel's error can show prejudice. Glover v. United States, 531 U.S. 198, 203-04 (2001).

Defendant alleges three claims of ineffective assistance of counsel. First, Defendant contends that his counsel was

ineffective by failing to advise him of the option of an early disposition program. Defendant's second and third claims relate to his contention that Defendant's counsel failed to argue for a minor role reduction under U.S.S.G. § 3B1.2(b) or a mitigating role reduction under 18 U.S.C. § 3553(a) at the time of sentencing.

## I. Early Disposition Program

Defendant contends that his counsel was ineffective because he failed to advise him of the option of an early disposition ("fast-track") program during plea negotiations. U.S.S.G. § 5K3.1 provides that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

In this case, the Government has represented that no authorized early disposition program would have applied to Defendant. Nor does Defendant identify any such program. Counsel's decision not to advise Defendant of programs which did not apply to his case does not fall below the Strickland standard. See Carmona-Nava v. United States, No. CR 04-157-01-MO, CV 06-798-MO, 2006 WL 3513685 at *6 (D. Or. Dec. 4, 2006)(denying a similar motion under § 2255 because "there is no fast-track program for defendants convicted of drug distribution offenses."). Defendant's motion on this basis is DENIED.

## II. Role Reduction

Defendant contends that counsel was ineffective by failing to

argue for a minor role reduction under U.S.S.G. § 3B1.2(b) and mitigating role under 18 U.S.C. §3553(a). U.S.S.G. § 3B1.2(b) provides for a two level reduction in offense level if the defendant was a "minor participant" in the criminal activity.

Once counsel has selected a defense or argument, "it is not deficient performance to fail to pursue alternative defenses." Rios v. Rocha, 299 F.3d 796, 807 (9th Cir. 2002). Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. 690. In general, courts credit the statements of defense counsel "as to whether their decisions at trial were - or were not - based on strategic judgments." Doe v. Ayers, 782 F.3d 425, 445 (9th Cir. 2015).

Larry Roloff, Defendant's prior counsel, has submitted a declaration explaining why he declined to pursue a reduced sentence based on Defendant's role in the offense. After his investigation, Roloff concluded that Lara-Diaz, Defendant's nephew and co-defendant, "had serious mental and emotional limitations which made it appear that the defendant was more in control of him and the operations of the conspiracy alleged in the indictment." Roloff Decl., at 2. Roloff believed that if he argued for a minor role reduction, there was a serious risk that Defendant might receive an *increased* sentence based on Defendant's apparent leadership or management role in the conspiracy. Id. Roloff also believed that Lara-Diaz was likely to receive a significantly reduced sentence. Id. Accordingly, Roloff determined that the best course of action

PAGE 6 - ORDER

was to present Defendant and Lara-Diaz as equally culpable in the hope that the Court would sentence Defendant at the low end of the guidelines in order to minimize the disparity in sentences between the co-defendants. Id.

I conclude that counsel's decision not to present argument on a minor or mitigating role was a tactical decision based on his professional experience as an attorney. As such, it cannot be challenged. Strickland, 466 U.S. at 691. Counsel's decisions were reasonable and born out of a determination not to advance arguments which he believed might ultimately prove harmful to Defendant's interests. Because I find counsel to have acted within the reasonable standards of the profession, there is no need to address the second prong of the Strickland test.

### Conclusion

Defendant has failed to meet the standard set out in Strickland to demonstrate that the assistance he received from counsel was ineffective. None of the strategic choices made by counsel fell outside the wide range of professionally competent assistance. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (#58) is DENIED.

An evidentiary hearing is not required where the record conclusively shows that the movant is not entitled to relief. United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998). Defendant has not demonstrated that he is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2255. Additionally, Defendant has not made a substantial showing of the denial of a

constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __16__ day of July, 2015.

　　　　　　　　　　　　　　　／s／ Owen M. Panner
　　　　　　　　　　　　　　　OWEN M. PANNER
　　　　　　　　　　　　　　　United States District Judge

PAGE 8 - ORDER